CULLEN, J.
The respondent undoubtedly possessed the power of a motion, and the relator, by becoming a member, assented to the authority vested in the directors of the corporation, by its bylaws, to annual his membership for conduct which might, in the judgment of the directors, endanger the welfare or character of the club. “But it by no means follows that a member may be arbitrarily suspended or expelled on insufficient grounds. ” Haebler v. Produce Exchange, 149 N. Y. 415. The relator proposed one Siegel for membership in the association. Favorable action on this nomination being delayed, the relator obtained from the business associates of Siegel certificates or statements as to his character and qualifications. He then sent a letter to the board of directors givthe statements, and expressing the hope that he would be immediately advised of Siegel’s election as a member of the club. The candidate was rejected. Thereupon the relator addressed a circular to the members stating the fact of snch rejection and the relators’s letter to the board of directors. He urged that the candidate would be a desirable member, and that bis rejection was unwise, and asked that a call for a special meeting of the members, under the provisions of the by-laws, be issued. In this circular the relator stated that two black balls had rejected the candi dated. Subsequently, the relator was notified'that the board of directors had under consideration this circular, and that he would be heard before the board, to give such explanation as he might, make in justification of his action. The relator was heard, and the board of directors annulled his membership. By the statute, the board of directors are elected by the members of the association. By the by-laws of the corporation, two black balls exclude a candidate. Also bv the by-laws, 25 members may call a special meeting, and a special meeting may amend the by-laws. We think that the relator had the clearest and most undeniable right to appeal to his fellow members, either to alter the by-laws or to change the personnel of the board of directors ; that for this purpose he had the right to *613 state any material fact, and to fairly criticise any action of the governing authorities of the club. ít may be unfortunate that there should be difference of opinion or disputes in the club management, but dissension is a hazard to which all associate action is liable, and clubs no more than other organizations can expect to be exempt from this hazard. Of course, the relator had no right to make any misstatment of fact, or cast unfounded aspersions on the directors or his fellow members. ” The concluding sentence of his letter to the board of directors would indicate that modesty or diffidence is not his dominant characteristic. Whether his violation of good taste in this respect was serious enough to justify action by the directors, it is not material to inquire, as he has not been disciplined for this letter, but for the circular to the members. The opposing affidavit states that, in fact, nine ballots were cast against the candidate, instead of two. If the relator knowingly, published a false statement on this subject, or even recklessly made one, without seeking to ascertain whether it was true or false, such conduct would be a sufficient ground for action by the board of directors. But the notification to appear before the directors seems to indicate, as the relator’s offense, his appeal to his fellow members, and not any false statement or unfair criticism made in that appeal. This, as we have said, could not of itself be an offense. Hence, if we construe this notice with the strictness applicable to a pleading, we would say the ground for proceeding against the relator was insufficient. But such was not the rule applicable to the case. “To request technical precision in complaints of this character * * "::" would greatly embarrass and many times defeat the disciplinary regulations of such associations. ” People v. Produce Exchange, 149, 1N. Y. 401. However, in the case before us the lack of decision has embarrassed us, for we are not clear for what offense the relator was disciplined. The relator appeared before the board, and seems to have made no complaint that the charge vías not definite. Therefore he cannot now raise that objection. In this case we think the proper course is to direct the issue of an alternative writ, on the return to which can be determined what the proceedings against the relator were, what was the charge against him, what was he tried for.
The order appealed from should be reversed, and an alternative writ directed to issue, without costs to either party.
All concur.